MULLIGAN, Circuit Judge:
This is an appeal by Geiger Enterprises (Geiger), the Official Creditors Committee of Geiger Enterprises, Inc. (Committee) and Amoco Oil Company (Amoco) from a judgment of March 5, 1980 rendered by Hon. John T. Elfvin, United States District Court for the Western District of New York, which reversed an order of Bankruptcy Judge Beryl E. McGuire, issued on February 8, 1980. The District Court certified that the appeal involved a controlling question of law and may materially advance the termination of the litigation. This court by order dated July 21, 1980 granted permission to appeal under 28 U.S.C. § 1292(b). The appeal presents an issue of first impression in this court involving the application of the provisions of the new bankruptcy code to petitions filed and dismissed under the old law.
I.
The debtor Geiger filed a petition under Chapter XI of the Bankruptcy Act (formerly 11 U.S.C. § 701, et seq.) (old Act) on August 15, 1979. Thereafter on October 29, 1979, Oilatomic, Inc., and on December 17, 1979, Willie the Whale, Inc. and River Road Oil Co., all alleged to be wholly owned subsidiaries of Geiger, filed petitions under Chapter 11 of the Bankruptcy Reform Act of 1978, Pub.L. 95 598, 92 Stat. 2549, which had become effective on October 1, 1979 (new Code). On February 8, 1980, four additional Geiger affiliated corporations (Auto Stop Gas, Inc., Queen City Filling and Manufacturing, Inc., Hardrock Paving Co., Inc. and Budget Gas, Inc.) all filed petitions under Chapter 11 of the new Code.
On January 9, 1980 the debtor Geiger applied to Bankruptcy Judge McGuire to have its petition filed under Chapter XI of the old Act dismissed. In its application Geiger represented that it intended to file a petition under Chapter 11 of the new Code and would make further application for a substantive consolidation of the proceedings of Geiger and its wholly owned subsidiaries and affiliates including those who had not yet filed Chapter 11 proceedings.
At a hearing before the Bankruptcy Judge on February 4, 1980, the United States of America, a priority creditor, and Central Trust Co., Rochester, New York (Central), a secured creditor, appeared in opposition. By memorandum and order dated February 8, 1980, the Bankruptcy Judge granted the petition. Noting the “probable necessity for substantive consolidation,” he found that under Rule of Bankruptcy Procedure 11 42, a “dismissal to per *108 mit refiling” was in the best interest of the estate.[1]
Judge Elfvin, by memorandum and order entered on March 3, 1980, reversed the order of the Bankruptcy Judge. The District Court’s reversal was based on section 403(a) of the new Code which provides:
“(a) A case commenced under [the old Act], and all matters and proceedings in or relating to any such case, shall be conducted and determined under such Act as if [the new Code] had not been enacted, and the substantive rights of parties in connection with any such bankruptcy case, matter, or proceeding shall continue to be governed by the law applicable to such case, matter, or proceeding as if [the new Code] had not been enacted.”
Pub.L. 95-598, Title IV, 92 Stat. 2683, codified at 11 U.S.C. prec. § 101 (1979).
The. District Court held that the plain meaning of this section is that the Bankruptcy Court must apply the old Act to cases filed prior to October 1, 1979 and that such cases shall proceed as if the new Code had never been enacted. The court further found that a dismissal and refiling would permit the Bankruptcy Court to apply the new Code to a petition filed under the old Act, which would “constitute an impermissible circumvention of section 403(a).” While admitting that its holding would render a “desirable” consolidation impossible in this case, the court found the result to be mandated by the statute.[2]
The appellants now argue that there has been no violation of section 403(a) because Rule of Bankruptcy Procedure ll-42(a)[3] permits a voluntary dismissal of a petition under Chapter XI. Although Rule ll-42(a) was the authority relied upon by the Bankruptcy Judge in granting the dismissal, this point was not addressed in the District Court’s memorandum and order. Appellants urge that in exercising his discretion in dismissing the petition the Bankruptcy Judge found that a refiling and substantive consolidation under Chapter 11 of the new Code would achieve “[practical, economical and expeditious administration and the avoidance of unnecessary and costly litigation” and accordingly was in the best interest of the estate. The Government, on the other hand, argues that this court should not countenance such “procedural chicanery,” and that the best interest of the estate is not served by permitting a refiling and consolidation under the new Code since it would jeopardize the tax priority interests of the Government, as well as those of Central, a major secured creditor.
*109 II.
We cannot agree with the Government that a “conditional” dismissal of the Chapter XI petition is precluded by Rule ll-42(a). The Rule specifically authorizes the Bankruptcy Court after hearing on notice either to adjudicate the petitioner as a bankrupt or to dismiss, whichever “may be in the best interest of the estate.” Both sides seem to agree and the law is clear that the best interests of the estate must be interpreted to mean those of the creditors as well as the debtor. Banque de Financement v. First Nat. Bank of Boston, 568 F.2d 911, 921-22 (2d Cir. 1977). The failure of Rule 11-42 expressly to provide for dismissal to permit refiling does not in our view preclude such a disposition in all cases. The operative test is whether the estate’s best interest will be served by the determination.
However, the analysis cannot end at this point. Section 403(a) expressly provides that the “substantive rights of parties . . . shall continue to be governed by the law applicable to such case, matter or proceeding as if the [new Code] had not been enacted.” The substantive rights of the creditors as against the bankrupt are fixed as of the filing of the petition in bankruptcy. United States v. Marxen, 307 U.S. 200, 207, 59 S.Ct. 811, 815, 83 L.Ed. 1222 (1939). Unquestionably consolidation is “a measure vitally affecting substantive rights.” In re Flora Mir Candy Corp., 432 F.2d 1060, 1062 (2d Cir. 1970). Nor is there any question that a Chapter 11 proceeding under the new Code would create possible substantive advantages for the debtor at the expense of the United States and Central.
The United States has a tax claim in excess of $2 million against Geiger. Chapter XI of the old Act provides that a priority creditor can insist upon a deposit in full of the amount due to it prior to the confirmation of any plan of arrangement unless a waiver is given. § 337(2), former 11 U.S.C. § 737(2); § 361, former 11 U.S.C. § 761. However, under the new Code the United States is only entitled to deferred cash payments. 11 U.S.C. § 1129(a)(9)(C). Moreover, under the old Act taxes due and owing within three years before bankruptcy are nondischargeable and are given a fourth priority. § 17(a)(1), former 11 U.S.C. § 35(a)(1); § 64(a), former 11 U.S.C. § 104(a). Under the new Code these tax claims are moved down to the sixth priority, although they remain nondischargeable. 11 U.S.C. § 507(a), § 523(a)(1). There are other substantive changes with respect to federal tax liens. See, e. g., 11 U.S.C. § 724(b), § 545(2).
In addition, under the new Code the general preferential transfer period has been reduced from four months to ninety days. 11 U.S.C. § 547(b). Central also argues that the new Code allows the Bankruptcy Court to confirm a plan of arrangement over the objection of a secured creditor whose claim is impaired by the plan so long as it receives property of a value equal to the allowed amount of the secured claim. See 11 U.S.C. § 1129(a) & (b). There was no such provision under Chapter XI of the old Act.
The appellants do not contest that the new Code contains substantive changes which could disadvantage the United States and Central. They argue, however, that the record does not support a finding that such prejudice is any more than hypothetical. We agree. Neither the Bankruptcy Judge nor the District Court considered this issue. We conclude that Rule ll-42(a) must be read in conjunction with section 403(a). If substantive rights of the United States or Central are in fact materially prejudiced then dismissal of Geiger’s Chapter XI petition is not warranted. Assuming that such is not the case, then the Bankruptcy Court must determine whether or not consolidation is appropriate.[4]
*110 We therefore reverse and remand for further hearings in conformity with this opinion.

. The Rules of Bankruptcy Procedure applicable to the old Act, including Rule 11 -42, insofar as they are consistent with the new Code, remain in effect until they “are repealed or superseded” by new rules. Pub.L. 95-598, Title VI, § 405(d); see 11 U.S.C. Pamphlet, Interim Bankruptcy Rules, Preliminary Note of Advisory Committee on Bankruptcy Rules of the Judicial Conference of the United States at 2 (1979).

. We note that when the Chandler Act of 1938 amended the old Act, see 52 Stat. 840, Sec. 6(b), former 11 U.S.C. § 1 note, the “savings” clause of section 6(b) provided that the provisions of the amendatory act would govern proceedings “so far as practicable in cases pending when it takes effect.” Thus, as the United States argues, while the Chandler Act vested discretion in the Bankruptcy Court to determine whether provisions of the Act should apply to pending cases, no such discretion is provided for in section 403(a). The only exception is set forth in section 403(b) which allows any pending railroad reorganization case where no plan of reorganization had yet been filed by the trustee to be governed by the new Code. That section is of course not applicable here.

. Rule of Bankruptcy Procedure ll-42(a) provides in pertinent part:
(a) Voluntary Dismissal or Conversion to Bankruptcy.
The debtor may file an application or motion to dismiss the case or to convert it to bankruptcy at any time prior to confirmation or, where the court has retained jurisdiction, after confirmation. On the filing of such application or motion, the court shall-
* * * * * *
(2) if the petition was filed pursuant to Rule 11 -6, enter an order adjudicating the debtor a bankrupt if he so requests, or, if he requests dismissal, enter an order after hearing on notice dismissing the case or adjudicating him a bankrupt whichever may be in the best interest of the estate.

. Despite his reference to the “probable necessity” of consolidation, the Bankruptcy Judge made no formal determination to consolidate. This court has cautioned that the “power to consolidate should be used sparingly because of the possibility of unfair treatment of creditors of a corporate debtor who have dealt solely with that debtor without knowledge of its interrelationship with others.” Chemical Bank New York Trust Co. v. Kheel, 369 F.2d 845, 847 *110 (2d Cir. 1966). Consolidation is nevertheless warranted “where the interrelationships of the group [of debtors] are hopelessly obscured and the time and expense necessary even to attempt to unscramble them so substantial as to threaten the realization of any net assets for all the creditors." Id; see In re Flora Mir Candy Corp., supra, 432 F.2d at 1063.